(Decided 10th March, 1886.)

JOHN L. STIEFF, and others *vs.* ELIZABETH H. COL-LINS and RICHARD BERNARD, Administrators and Trustees.

*Administrators—Impounding share of Devisee to pay Judg-ment.*

Where a testator devises the rest and residue of his estate, after the payment of his debts, among his ten children, equally, the share of each child to be charged with all advances made or to be made to him or her, the administrators, with the will annexed, have the right, as against the judgment creditors of one of such children,

to impound so much of his share, as may be necessary to pay a judgment recovered against such administrators on a bond of such child on which the testator was the surety.

APPEAL from the Circuit Court of Baltimore City.

The petition of Elizabeth H. Collins and Richard Bernard, administrators of John Eschbach, with the will annexed, and trustees thereunder, stated that at the death of the decedent he was surety in the penal sum of $12,000 for the performance of a certain contract by John E. Eschbach, one of the sons of said decedent, who was also one of the devisees and legatees under said will; that a judgment had been recovered on said bond against them, in their capacity of administrators, in the United States Circuit Court for the District of Maryland for the sum of $10,961.52, and that an appeal had been taken from said judgment. That the petitioners had, under the powers of the decedent's will, sold both real and personal property, for the purpose of paying the decedent's debts which were numerous, so that while his personal estate would have been insufficient to pay his debts, there would probably be some personal estate left, which under the terms of the will, was to be divided with the rest and residue of the realty.

That the petitioners would take as trustees the greater part of said rest and residue, for the benefit of their *cestuis que trust,* and were therefore interested in having their duties as administrators, as well as trustees determined in the premises. The petitioners asked for such decree or order in the premises as to the Court might seem right and proper. The petition was answered by the guardian of Leo Eschbach's minor children, by John E. Eschbach, and several of his judgment creditors. After hearing, the Court (PHELPS, J.) decreed that the petitioners were entitled to the instructions asked for in their petition, and that to the extent of the sum paid or retained to satisfy the judgment against them, the share

of John E. Eschbach should be reduced before he be permitted to participate in the partition. From this decree a number of the judgment creditors of John E. Eschbach appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Samuel Snowden,* for the appellants.

*Richard Bernard,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The testator John Eschbach directed his executors to sell so much of his real or personal property as might be necessary for the payment of his debts.

The rest and residue of his estate, he devised to his sons Leo and John, in trust.—First, to ascertain the amounts advanced, to his several sons, and daughters and sons-in-law, the said amounts so ascertained to be added to his estate, and the entire estate to be then divided into ten equal parts, the number of his children. This division he directed to be made by three persons to be appointed by a Court, having jurisdiction over trust estates. To each child he gave one share, the said share to be charged however with all advances made to such child. The language of the will being "each of my sons to have one share, and to be charged with advances made or to be made to him, and so with the shares of the daughters."

He gave to his sons Leo and John, their shares absolutely, and to his other children, he gave a life estate in the shares thus devised to them, with remainders to their children. In the *quantity of estate* no distinction was made among the children, each was to have the *one-tenth.*

Leo and John having declined to act as executors and trustees, the appellees were appointed administrators with the will annexed, and trustees in their place.

Pending the administration of the estate, the administrators were sued on a bond of John, one of the sons, in which the testator was *the surety,* and judgment was recovered in the Circuit Court of the United States for the sum of $10,961.52.

From this judgment an appeal was entered, with the full understanding however among the children of the testator that the appeal should not delay the division of the estate, but that a sufficient sum should be *impounded* to satisfy the judgment in the event of its affirmance.

In the meantime sundry creditors of *John,* one of the sons of the testator, have recovered judgments against him, and the question in this appeal, is whether the administrators and trustees have the right as against such judgment creditors to impound so much of John's share, as may be necessary to pay the judgment recovered against the administrators in the United States Circuit Court.

It is conceded that if it was purely a question of the distribution of personal estate, the administrators would have the right to set off this judgment against John's distributive share, but it is argued that no such right exists in the division and partition of the real estate.

Whether a Court of equity would have the right in the exercise of its equitable powers, to impound so much of John's share as may be necessary to satisfy this judgment as against John's judgment creditors, is a question not necessary to be decided in this case. We are now dealing with the division of an estate to be made in a Court of equity, in the manner and in accordance with the terms prescribed by the testator himself. It is plain as we have said, the testator meant *equality among 'his children.* His liability as surety on John's bond, was a liability existing at the time of his death, and taking the whole will together it is clear, we think, he meant to charge each child with all amounts advanced by him, or for which he might in any manner be liable. Any other construc-

tion would destroy that equality in the division of his property which he was so anxious to preserve. The appellees have the right therefore to deduct from John's share a sum sufficient to pay the judgment against the administrators, should the same be affirmed.

The judgment creditors of John can stand in no better position than he himself stood; their rights are derived through him.

*Decree affirmed.*

(Decided 10th March, 1886.)